JOHN R. KROGER
Attorney General
LIANI J. H. REEVES #01390
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email: liani.j.reeves@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FARAH IBRAHIM,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF OREGON, by and through THE OREGON STATE BOARD OF HIGHER EDUCATION by and through OREGON STATE UNIVERSITY,<br><br>Defendant. | Case No. 09-cv-86-TC<br><br>ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM |

COMES NOW Defendant State of Oregon, Oregon State Board of Higher Education, Oregon State University, by and through its counsel of record Liani J.H. Reeves, Assistant Attorney General, and in response to plaintiff's Complaint and in support of its Counterclaim herein admits, denies, and alleges as follows:

Page 1 -   ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
    1336423-v1
                        Department of Justice
                        1162 Court Street NE
                        Salem, OR 97301-4096
                        (503) 947-4700 / Fax: (503) 947-4791

1.

Defendant unequivocally denies each and every allegation of wrongdoing asserted against it in this action.

2.

Defendant denies each and every material allegation of the complaint not expressly admitted herein.

3.

Paragraph 1 contains a statement of plaintiff's claims and requested recovery to which no responses are required. Defendant however denies plaintiff's claims have any merit or that she is entitled to the recovery she seeks.

4.

With regard to the allegations in paragraph 2, defendant admits only that this court has jurisdiction over plaintiff's claims arising under federal law.

5.

Defendant denies the allegations in paragraph 3.

6.

In response to paragraph 4, defendant admits venue is proper.

7.

With regard to the allegations in paragraph 5, defendant admits only that plaintiff filed a claim with the Equal Employment Opportunity Commission, case # 551-2007-00592, and that EEOC issued a right to sue letter dated October 18, 2008. Defendant further admits that the EEOC notified the Oregon Bureau of Labor and Industries of the complaint filed with EEOC on or about November 30, 2006, and that BOLI issued a right to sue letter dated November 30, 2007. Defendant denies the remainder of the allegations in paragraph 5.

Page 2 -   ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
1336423-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

8.

With regard to the allegations in paragraph 6, defendant admits only that plaintiff sent a letter dated September 6, 2006 to the Oregon Administrative Services Risk Management alleging various discrimination and retaliation claims. Defendant denies the remaining allegations in paragraph 6.

9.

With regard to the allegations in paragraph 7, defendant lacks sufficient knowledge to admit or deny the first sentence and therefore denies. With respect to the second sentence in paragraph 7, defendant admits only that plaintiff was an employee of Oregon State University (OSU) from March 2004 to the date of her voluntary resignation, June 6, 2006.

10.

Defendant admits the allegations in paragraph 8.

11.

With regard to the allegations in paragraph 9, defendant admits only that Exhibit B to plaintiff's Complaint is a copy of a letter dated March 22, 2004, offering plaintiff the position of Chair of the Department of Teacher and Counselor Education in the new School of Education at Oregon State University. Defendant further admits that Exhibit B is signed by plaintiff and Sam Stern, Dean of the School of Education. The contents of the letter speak for themselves. Defendant denies the remainder of the allegations in paragraph 9, including any legal conclusions.

12.

With regard to the allegations in paragraph 10, defendant admits only that at the time she applied to OSU, her application materials indicated that she was serving as the Director of Graduate Studies for the School of Education at Howard University; and that she has a Master's Degree from University of Peshawar, a Master's degree from Edinboro University and a

Page 3 -   ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
1336423-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

doctorate degree from Penn State. Defendant lacks sufficient knowledge to admit or deny the remainder of the allegations in paragraph 10 and therefore deny.

13.

With regard to the allegations in paragraph 11, defendant admits only that plaintiff was a Department Chair in the School of Education and that she had the same level of responsibility and authority as the other Department Chair in the School of Education. Defendant denies the remainder of the allegations in paragraph 11.

14.

With regard to the allegations in paragraph 12, defendant admits only that before or at the time plaintiff was offered the position as Department Chair, she was informed of the duties of her position including her level of authority which was the same level as the other Department Chair in the School of Education. Defendant denies the remainder of the allegations in paragraph 12.

15.

Defendant denies the allegations in paragraphs 13, 14 and 15.

16.

With regard to the allegations in paragraph 16, defendant admits only that the College of Education has been accredited continuously by the NCATE since 1960 and the most recent review was in 2001. Defendant denies the remainder of the allegations in paragraph 16.

17.

Defendant denies the allegations in paragraph 17.

18.

With regard to the allegations in paragraph 18, defendant admits only that plaintiff and Dr. Shintaku, a Japanese American male, were hired as Department Chairs, and were paid the same rate of $91,884. Dr. Rennekamp, who was hired as a Department Head and also ran a State program and had significantly more responsibility than plaintiff and Dr. Shintaku, was hired at

Page 4 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
1336423-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

the rate of $97,756. Defendant further admits that Dr. Shintaku's previous position was Dean of Students at OSU. Defendant denies the remaining allegations in paragraph 18.

19.

Defendant denies the allegations in paragraph 19.

20.

With regard to the allegations in paragraph 20, defendant admits only that plaintiff was given the same authority with respect to budget and staffing as the other Department Chair in the School of Education. Defendant denies the remainder of the allegations in paragraph 20.

21.

With regard to the allegations in paragraph 21, defendant admits only that Michael Dalton, a white male, was a faculty member with administrative responsibilities. Mr. Dalton had responsibilities that were primarily administrative, but his academic home was plaintiff's department. Defendant further admits that Juanita Lamley, a white female, was on a split appointment, reporting for half her time to Extended Campus, OSU's online education program, and half time to the School of Education. Ms. Lamley had always been supervised by Allan Brazier and continued to be supervised by Associate Dean Brazier throughout the relevant time period. Defendant denies the remainder of the allegations in paragraph 21.

22.

With respect to the allegations in paragraph 22, defendant admits only the Dean Stern did an annual performance review of plaintiff in or around September 2005. Plaintiff's level of responsibility and authority as Department Chair remained the same as it had been previously, and the same as the other Department Chair in the School of Education. Defendant further admits that the Department's support person and student workers reported to the Officer Manager. Defendant denies the remainder of the allegations in paragraph 22.

Page 5 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
1336423-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

23.

With regard to the allegations in paragraph 23, defendant admits only that plaintiff helped coordinate two master's degrees programs in counseling and the Double Degree program at OSU-Cascades, both of which were already in place when plaintiff began work at OSU. Defendant further admits that coordinating these programs was part of plaintiff's job and that Dean Stern does not address every task that each faculty member undertakes in his/her annual performance review. Defendant denies the remainder of the allegations in paragraph 23.

24.

With respect to the allegations in paragraph 24, defendant admits only that it is aware of a cultural competency grant submitted to the E-campus which was not selected to be funded, a decision over which the School of Education had no control. Defendant denies that situations were set up to cause plaintiff to fail. Defendant lacks sufficient information to admit or deny the remainder of the allegations in paragraph 24 and therefore denies.

25.

With regard to the allegations in paragraph 25, defendant admits only that plaintiff was asked by a non-School of Education representative to help set up a dual-major program involving early childhood development, of which Dean Stern was not initially made aware. When Dean Stern became aware of it, he chose not to support it. Defendant lacks sufficient information to admit or deny the remainder of the allegations in paragraph 25 and therefore denies.

26.

With regard to the allegations in paragraph 26, defendant lacks sufficient knowledge of whether plaintiff had a photo of the Dalai Lama and a Buddha statue in her office. Defendant admits only that it is aware that one person responsible for tasks affiliated with plaintiff's department, the College's Licensing and Placement Officer, reported to the Associate Dean, a white male, for a two month period. This position has always reported to the Office Manager, but the position was vacant for two months and therefore reported to the Associate Dean who served

Page 6 -   ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
1336423-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

as the Acting Office Manager. Once the Office Manager position was filled, the position continued to report to the Office Manager. Defendant denies the remainder of the allegations in paragraph 26.

27.

With regard to the allegations in paragraph 27, defendant admits only that plaintiff made a last minute decision to remove an instructor from her teaching duties. Defendant further admits that Dean Stern asked plaintiff to change her decision because it was unfair to abruptly terminate the instructor's employment after she had been teaching almost full time for the Department for years and had a reasonable expectation of continuing. Defendant further admits that Dean Stern informed plaintiff that the faculty community was upset at plaintiff's decision to abruptly end the instructor's employment. Defendant denies the remainder of the allegations in paragraph 27.

28.

With regard to the allegations in paragraphs 28 and 29, defendant admits only that in February 2006, plaintiff met with the Vice Provost for Academic Affairs to discuss various complaints. She filed an informal complaint with the Office of Affirmative Action and Equal Opportunity (OAAEO) on or about March 6, 2006. On March 26, 2006 plaintiff sent an email wanting to elevate the complaint to a formal complaint but would not provide the written waiver of rights required by OAR 576-050-0025. Despite plaintiff's refusal to sign a written waiver, the OAAEO thoroughly investigated the complaint as though it was a formal complaint. Defendant further admits that plaintiff had not yet received a letter of reappointment as Chair as of the time of her resignation, but neither had the other administrators. Defendant further admits that plaintiff voluntarily resigned while the investigation was still pending on June 6, 2006. Defendant denies the remaining allegations in paragraph 28 and 29.

29.

With regard to the allegations in paragraph 30, defendant admits that the investigation took longer than is provided for under the OAAEO's procedures but that was due in part because

Page 7 -  ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
1336423-v1

plaintiff continued to make additional allegations throughout the investigation which were investigated and in part because of the extensive investigation which include interviewing 23 people. Defendant further admits that after OAAEO was informed that plaintiff had taken a new job on May 5, 2006, the OAAEO continued its investigation but its focus was no longer to find resolution between the parties but rather into whether there were operational matters that needed to be addressed. Defendant further admits that the investigation was complete on or about August 25, 2006; plaintiff was no longer employed by the University and therefore no longer the complainant. Defendant denies the remainder of the allegations in paragraph 30.

30.

Paragraph 31 is a statement of plaintiff's alleged losses and expenses to which defendant lacks sufficient knowledge to admit or deny and therefore denies. Defendant further denies that any of plaintiff's alleged losses and expenses are due to any wrongdoing by the defendant.

31.

With regard to the allegations in paragraphs 32, 41, 55, 66 and 77, defendant incorporates its admissions, denials and allegations to paragraphs 1-31 of plaintiff's complaint herein.

32.

Defendant admits the allegations that defendant is an employer subject to the provisions in Title VII as alleged in paragraphs 33, 42, 56 and 67.

33.

With regard to the allegations in paragraphs 34, 35, 36, 43, 44, 45, 46, 47, 48, 49, 50, 57, 58, 59, 60, 61, 68, 69, 70, 71 and 72, those paragraphs contains statements and conclusions of law to which no responses are required. Defendant, however, denies plaintiff's conclusions of law or that it has engaged in any unlawful behavior.

34.

With regard to the allegations in paragraphs 37, 38, 39, 51, 52, 53, 62, 63, 64, 73, 74, 75, 86 and 87, those paragraphs contains both statements and conclusions of law and a description of

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

the damages plaintiff requests, neither of which require responses. Defendant, however, denies plaintiff's conclusions of law, denies that it has engaged in any unlawful behavior, or that plaintiff is entitled to any of the relief she requests.

35.

With regard to the allegations in paragraphs 40, 54, 65, 76 and 88, those paragraphs contain a description of the legal recovery sought by plaintiff, to which no responses are required. Defendant, however, denies plaintiff is entitled to any of the relief she requests.

36.

With regard to the allegations in paragraph 78, defendant admits only that Exhibit B to plaintiff's Complaint is a copy of a letter dated March 22, 2004, offering plaintiff the position of Chair of the Department of Teacher and Counselor Education in the new School of Education at Oregon State University. Defendant further admits that Exhibit B is signed by plaintiff and Sam Stern, Dean of the School of Education. The contents of the letter speak for themselves. Defendant denies the remainder of the allegations in paragraph 9, including any legal conclusions.

37.

With regard to the allegations in paragraph 79, defendant admits only that plaintiff was a Department Chair in the School of Education and that she had the same level of responsibility and authority as the other Department Chair in the School of Education. Defendant denies the remainder of the allegations in paragraph 79.

38.

With regard to the allegations in paragraph 80, defendant admits only that at the time plaintiff applied to OSU, her application materials indicated that she was serving as the Director of Graduate Studies for the School of Education at Howard University. Defendant further admits that before or at the time plaintiff was offered the position as Department Chair, she was informed of the duties of her position including her level of authority which was the same level

Page 9 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
1336423-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

as the other Department Chair in the School of Education. Defendant lacks sufficient knowledge to admit or deny the remainder of the allegations in paragraph 80 and therefore denies.

39.

Defendant denies the allegations in paragraphs 81, 82 and 83.

40.

With regard to the allegations in paragraphs 84 and 85, those paragraphs contain conclusions of law to which no responses are required. Defendant, however, denies plaintiff's conclusions of law or that any contract was breached.

41.

With regard to the allegations in paragraph 86, that paragraph contains a statement of plaintiff's alleged losses and expenses to which defendant lacks sufficient knowledge to admit or deny and therefore denies. Defendant denies that any of plaintiff's alleged losses and expenses are due to any wrongdoing by the defendant.

42.

With regard to the allegations in paragraph 89, that paragraph contains a statement of plaintiff's demand, not any factual allegations to which a response is required.

**FOR A FIRST AFFIRMATIVE ANSWER AND DEFENSE, DEFENDANT ALLEGES:**

43.

Defendant incorporates here the admissions, denials and allegations set forth above.

44.

Plaintiff has failed to state any claim upon which relief can be granted by this Court against the defendant.

**FOR A SECOND AFFIRMATIVE ANSWER AND DEFENSE, DEFENDANT ALLEGES:**

45.

Defendant incorporates here the admissions, denials and allegations set forth above.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

46.

Defendant had valid, lawful, objectively reasonable, non-discriminatory and non-retaliatory grounds for all actions taken with respect to the terms and conditions of plaintiff's employment.

**FOR A THIRD AFFIRMATIVE ANSWER AND DEFENSE, DEFENDANT ALLEGES:**

47.

Defendant incorporates here the admissions, denials and allegations set forth above.

48.

All actions taken by defendant with respect to plaintiff's employment were at all times reasonable and based upon legitimate public service business necessity, barring each claim in plaintiff's complaint.

**FOR A FOURTH AFFIRMATIVE ANSWER AND DEFENSE, DEFENDANT ALLEGES:**

49.

Defendant incorporates here the admissions, denials and allegations set forth above.

50.

All actions of defendant affecting the terms and conditions of plaintiff's employment were justified by and directly related to plaintiff's qualifications and performance, and were thus the result of plaintiff's own actions or inactions, or were otherwise a direct and proximate result of plaintiff's failure to adequately perform her own job duties. All harm was the result of this conduct by plaintiff or otherwise of her failure to mitigate damages.

**FOR A FIFTH AFFIRMATIVE ANSWER AND DEFENSE, DEFENDANT ALLEGES:**

51.

Defendant incorporates here the admissions, denials and allegations set forth above.

52.

Plaintiff suffered no adverse job consequence.

Page 11 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
1336423-v1

### FOR A SIXTH AFFIRMATIVE ANSWER AND DEFENSE, DEFENDANT ALLEGES:

53.

Defendant incorporates here the admissions, denials and allegations set forth above.

54.

Plaintiff's claims based on state law are barred by the Eleventh Amendment. The State has not waived immunity to be sued in federal court.

### FOR A SEVENTH AFFIRMATIVE ANSWER AND DEFENSE, DEFENDANT ALLEGES:

55.

Defendant incorporates here the admissions, denials and allegations set forth above.

56.

Some or all of plaintiff's claims are untimely under the applicable statutes of limitations.

### FOR AN EIGHTH AFFIRMATIVE ANSWER AND DEFENSE, DEFENDANT ALLEGES:

57.

Defendant incorporates here the admissions, denials and allegations set forth above.

58.

Defendant exercised reasonable care to prevent and/or correct promptly any alleged retaliatory behavior.

### FOR A NINTH AFFIRMATIVE ANSWER AND DEFENSE, DEFENDANT ALLEGES:

59.

Defendant incorporates here the admissions, denials and allegations set forth above.

60.

Plaintiff failed to give the employer any opportunity to respond to his alleged complaints and his claims are barred by the *Ellerth/Faragher* defense.

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## FOR A TENTH AFFIRMATIVE ANSWER AND DEFENSE, DEFENDANT ALLEGES:

61.

Defendant incorporates here the admissions, denials and allegations set forth above.

62.

Plaintiff failed to exhaust her administrative remedies on some or all of her claims.

## COUNTERCLAIM

63.

Plaintiff's claims are frivolous, meritless and have been brought in objective bad faith, justifying an award to defendant of its reasonable attorneys' fees and costs pursuant to the provisions of 42 U.S.C. 1988.

WHEREFORE, Defendant prays as follows:

(1) That plaintiff be denied recovery upon each and every claim set out in her complaint against defendant, and that the claims be dismissed with prejudice in their entirety;

(2) That defendant recovers its reasonable attorney fees, costs and disbursements incurred herein; and

(3) That defendant be granted such other and further relief as the Court deems just and equitable.

DATED this 23rd day of March, 2009.

Respectfully submitted,

JOHN R. KROGER
Attorney General

_____
LIANI J. H. REEVES #01390
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
liani.j.reeves@doj.state.or.us
Of Attorneys for Defendant

Page 13 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
1336423-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

1 **CERTIFICATE OF SERVICE**

2       I certify that on March 23rd, 2009, I served the foregoing ANSWER, AFFIRMATIVE

3 DEFENSES AND COUNTERCLAIM upon the parties hereto by the method indicated below,

4 and addressed to the following:

5

6 Elizabeth A. McKanna            ___ HAND DELIVERY
McKanna Bishop Joffe & Arms LLP    ___ MAIL DELIVERY

7 1635 NW Johnson Street            ___ OVERNIGHT MAIL
Portland OR 97209                ___ TELECOPY (FAX) **503-226-6121**

8                                       _✓_ E-MAIL **imckanna@mbjlaw.com**

9                                       X e-File

10

11                                   _____
LIANI J. H. REEVES #01390

12                                   Assistant Attorney General
Trial Attorney

13                                   Tel (503) 947-4700
Fax (503) 947-4791

14                                   liani.j.reeves@doj.state.or.us
Of Attorneys for Defendant

15

16

17

18

19

20

21

22

23

24

25

26

Page 1 -   CERTIFICATE OF SERVICE
              LJR/jlb/1276172-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791